## Case No. 5,413.

### GILBERT v. PRIEST.

[See 65 Barb. (N. Y.) 444.]

GILBERT (SISSON v.). See Case No. 12,-912.

GILBERT (UNITED STATES v.). See Case No. 15,205.

## Case No. 5,414.

### GILBERT v. VAN ARMAN et al.

[1 Flip. 421;[1] 7 Chi. Leg. News, 175.]

Circuit Court, E. D. Michigan. Jan. 27, 1875.

THE CAUSE AT ISSUE—WHAT IS MEANT BY RULE 69.

1. Under equity rule 69 "the cause" includes the parties to the suit and all of them, as much as it does the subject matter of the suit; and therefore until it is at issue as to all the defendants, where there are more than one, or is at issue as to one or more, and an issue has been waived by the others allowing the bill to be, and it has actually been, taken as confessed as against them, "the cause" cannot be said to be at issue within the meaning of said rule.

2. Where complainant unreasonably delays compelling an issue as to the defendants or any of them, or taking the bill as to those not answering for confessed, the defendants, as to whom the cause is at issue and being injured by the delay, may have an order on proper application and showing, to compel complainant to speed the cause or have his bill dismissed.

In equity. On motion of the complainant [Mary Gilbert] to appoint an examiner and assign the times within which the parties shall take their proofs under equity rule 69 and amendments, and for a reference to ascertain and compute the amount due upon the bond and mortgage described in the bill of complaint.

John J. Speed, for complainant.
Wm. H. Brown, in pro. per.

LONGYEAR, District Judge. The bill in this cause was filed to foreclose a mortgage July 24, 1872. The defendant, Wm. H. Brown, put in his separate answer May 26,

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

1873, to which a replication was duly filed June 10, 1873. No further proceedings were had until July 11, 1874, when the bill was duly taken as confessed by the remaining defendants, John and Amanda S. Van Arman, by an order pro confesso entered on that day. Thirty-four days after the last-named day, to-wit, August 14, 1874, complainant moved for the appointment of an examiner, and to assign the time for taking proofs, etc. That motion was denied, but with leave to complainant to renew the same, which was done January 18, 1875, and the latter motion is the one now under consideration.

By equity rule 69 it is provided that "three months and no more shall be allowed for taking of testimony after the cause is at issue, unless the court or judge thereof shall, upon special cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing."

The objection made to granting the motion on both occasions, when first made and now upon the renewal of the same, was that the same was not made within three months after the cause was at issue as to the defendant Brown, and was therefore too late under the said rule 69, the time for taking proofs not having been enlarged as provided by that rule.

The motion, when first made, was within three months after the bill had been taken as confessed by the defendants other than defendant Brown, but more than that time after the cause was at issue as to him. The present motion, although made more than three months after the bill was so taken as confessed, yet being a renewal of the former motion by leave of the court, it must be considered as made at the time of the making of the former motion. The objection to the motion, therefore, raises the question as to when a cause in equity is to be considered at issue within the meaning of rule 69, where, as in this case, there are several defendants, as to some of whom there is an issue on answer and replication, and as to some of whom the bill is taken as confessed.

The limitation of rule 69 is, three months after the cause is at issue. Can the cause be said to be at issue when an issue has been formed as to only one or more of several defendants, but not as to the others? If it can be so held for the purpose of taking proof within the meaning of rule 69, then there can be no good reason why it must not be so held for the purposes of final hearing, but it is well settled that such a holding would be erroneous. "The cause" includes the parties to the suit, and all of them, as much as it does the subject matter of the suit; and therefore until it is at issue as to all the defendants, where there are more than one, or is at issue as to one or more, and an issue has been waived by the others by allowing the bill to be and it has actually been taken as confessed as against

them, "the cause" can not be said to be at issue within the meaning of the rule 69.

If, after one or more of the defendants have answered, and the cause is at issue as to him or them, the complainant unreasonably delays compelling an issue as to the other defendants, or taking the bill as confessed as to them, the defendants as to whom the cause is so at issue, if the delay is injurious to them, may undoubtedly have an order, on proper application and showing, to compel the complainant to speed the cause or have his bill dismissed. But the three months within which the proofs must be taken, under rule 69, do not begin to run until the cause is at issue as to all the defendants, or at issue as to some, and taken as confessed as to all the others.

It results that the motion must be granted, and the time be enlarged for that purpose.

Ordered accordingly.